**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAFER GOUAR,
ALIEN # A040-293-059,**

    **Petitioner,**

vs.                                **Case No. 4:10cv329-MP/WCS**

**ERIC H. HOLDER, JR.,
ATTORNEY GENERAL OF THE
UNITED STATES, et al.,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, filed a petition seeking a writ of habeas corpus under § 2241 on August 6, 2010. Doc. 1. Petitioner alleged he is a native of Morocco. He asserts that Respondents were unable to effect his removal to Morocco, but refused to release him. *Id.*, at 2. Petitioner was not challenging the validity of the removal order, only his indefinite detention under Zadvydas v. Davis, 533 U.S. 678 (2001). *Id.*

Respondents filed a response on October 25, 2010, asserting travel documents were pending and contending Petitioner was not cooperating with removal efforts. Doc. 14. On November 18, 2010, Respondents filed a motion to dismiss, doc. 16, asserting there is no longer a case or controversy because Petitioner was removed from the

United States to Morocco on November 7, 2010. Attached to the motion to dismiss is an exhibit showing Petitioner was removed from "JFK" to Morocco. Doc. 16, ex. 1.

This § 2241 petition is now moot. Because Petitioner sought relief under Zadvydas v. Davis, 533 U.S. 678 (2001), and is no longer in detention, there is nothing left for this Court to remedy. The motion to dismiss, doc 16, should be granted.

## RECOMMENDATION

In light of the uncontested assertion by Respondents, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 16, be **GRANTED** and the § 2241 petition filed by Petitioner Dafer Gouar be **DISMISSED as moot** since he has been removed from the United States.

**IN CHAMBERS** at Tallahassee, Florida, on November 22, 2010.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**